## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| DANNY HUDDLESTON AS NEXT FRIEND OF WANDA HUDDLESTON, | § § § § | |
| Plaintiff, | § | No. 6:17-cv-00055-JRG |
| vs. | § § § | **JURY DEMANDED** |
| HNL TRUCK LINES, INC. | § § § | |
| Defendants. | § | |

### FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AGREEMENT

On May 11, 2017, came on to be heard the above-styled and numbered action wherein Danny Huddleston as Next Friend of Wanda Huddleston ("Plaintiff"), HNL Truck Lines Inc. ("HNL") and Handrijono Oetomo ("Oetomo") (HNL and Oetomo collectively referred to as "Defendants") are involved in an active lawsuit. Huddleston and Defendants have announced a settlement of the disputes between the parties.

The parties came in person and/or by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. Huddleston ("Plaintiff") and Defendants announced to the Court that they have agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiff and Defendants. The total amount of the settlement is $400,000.00, (the "**Settlement Funds**") the terms of which are described in the proposed *Release of All Claims and Indemnity Agreement*, *Supplementary Schedule*, and *Qualified Assignment and Release Agreement*, between Plaintiff

and HNL, (hereinafter for convenience sake may be collectively referred to as the "Settlement Agreement").

It is understood and agreed that Plaintiff, in consideration for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold Defendants harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses. It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiff nor anyone claiming by, through or under the Plaintiff will be able to recover anything further of and from Defendants.

It having appeared to the Court Mrs. Wanda Huddleston's capacity is at issue and the Court has therefore appointed Jason Searcy, a practicing attorney in this county in Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* to represent the interests of Wanda Huddleston; and said Guardian *Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof; has determined that the prospective, post-settlement, financial, property, banking, insurance, and health insurance management needs of Wanda Huddleston shall be administered by Danny Huddleston, through a *Durable Power of Attorney* dated July 13, 2016, and which remains in full force and effect as of the making of this Settlement Agreement; and has recommended on behalf of Danny Huddleston, as Next Friend of Wanda Huddleston, that the Court approve the settlement as described in the Settlement Agreement.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon the Settlement Agreement, with reference to the material facts regarding the Incident as defined in the Settlement Agreement (the "Incident"), and all matters pertaining to the alleged liability of

the Defendants and the damages to the Plaintiff, as well as the capacity of the parties to prosecute this action as stated herein, and, that Danny Huddleston is empowered to provide prospective, post-settlement, financial, property, banking, insurance, and health insurance management needs of Wanda Huddleston. Upon hearing the evidence, the Court is of the opinion that such Settlement is in the best interests of the Plaintiff and that the terms of the Settlement Agreement are in all respects reasonable.

It is understood and agreed by the Plaintiff that the payment of the monies herein described is in settlement of disputed claims, that the Defendants have denied liability and continue to deny liability of whatever nature to the Plaintiff. It is further understood and agreed that the Defendants make no admission of liability to the Plaintiff, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against the Defendants, but rather that the Defendants make this settlement solely to purchase their peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiff and the Defendants have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the proposed Settlement Agreement to be executed by the Plaintiff is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of the Plaintiff, Wanda Huddleston, and Danny Huddleston, in all his noted capacities is hereby authorized and instructed to execute the said Settlement Agreement, and all constituent documents and forms necessary to bring to full effect the intent of this <u>Final Judgment and Order Approving Settlement</u>. The Court further finds that the Defendants have given, or shall pay

within the terms of the said Settlement Agreement, good and valuable consideration to the Plaintiff for the settlement of this lawsuit. The Court hereby further finds that the sums agreed upon as a compromise settlement figure in this action between the parties should be paid as set forth in the Settlement Agreement.

### Cash Consideration and Periodic Payments

In consideration of the release set forth above, the Insurer, Wilshire Insurance Company, agrees to pay the **Settlement Funds** to the individuals named below, (parties and non-parties), for or on behalf of the Plaintiff, Wanda Huddleston, the sums outlined:

At time of settlement, the following cash payments are to be made by Defendants' insurer, Wilshire Insurance Company ("Wilshire"), on behalf of itself and its own insureds:

a) $ 80,000.00 to Derryberry Zips Wade Lawhorn, PLLC ("DZWL") for attorneys' fees;

b) $ 80,000.00 to B. Gregg Price, P.C. for attorneys' fees;

c) $ 45,612.47 to Derryberry Zips Wade Lawhorn, PLLC for case expenses;

d) $ 9,238.20 to B. Gregg Price, P.C. for case expenses;

e) $ 2,743.27 to Danny Huddleston for expenses incurred on behalf of Huddleston; and

For convenience sake, a single check in the total amount of $ 217,593.94 shall be made payable to DZWL's IOLTA account for the amounts identified above for further disbursement as outlined above.

### PERIODIC PAYMENTS to Wanda Huddleston

The terms of periodic payment, are more fully provided for in the *Supplementary Schedule*, but are summarized herein below. Periodic Payments to **Wanda Huddleston** with such payments to be made by **Wilshire**, or in the event of the consummation of a "qualified

assignment", by substitute promise of **Pacific Life & Annuity Services, Inc.** as the qualified Assignee of **Wilshire**, more fully described in **Section III, Paragraph D(2)** of the *Supplementary Schedule*. **Wilshire**, for themselves and/or *Assignee*, reserve the right to fund any liability to make periodic payments to **Wanda Huddleston** as set forth below, and as more fully provided in **Section III, Paragraph A** of the *Supplementary Schedule*, through the purchase of "qualified funding asset" as defined in Internal Revenue Code §130(d), in the form of an Annuity Contract from *Pacific Life Insurance Company*, (AM Best Rated A+, 15; S&P rated AA-; and Moody's rated A1). The Periodic Payment Plan is summarized as follows:

**The Periodic Payment Plan**

1) Monthly Certain Payments commencing on July 15, 2017 at the rate of $400.00 per month, for 176 equal and consecutive monthly payments certain, only, with the final such payment due on February 15, 2032, (ie: 14 years and 8 months certain only);

2) Additionally, the payment of the following:

    Lump Sum Certain Payment of $192,109.06 payable on March 15, 2032.

3) The periodic payments shall be made payable to *"Danny Huddleston f/b/o Wanda Huddleston"*.

**Commutation of Periodic Payments due following death of Wanda Huddleston**

**Rider Expiry Date:**         March 15, 2032
**Commutation Percentage:**    100%

If **Wanda Huddleston** dies on or before **March 15, 2032**, any remaining periodic payments as set forth above, shall be payable in a lump sum to the Estate of Wanda Huddleston, and said Estate may be referred to as her "Beneficiary" in certain schedules as follows:

1) Benefits will be paid to **Wanda Huddleston's** beneficiary in a single lump sum. The single lump sum will be equal to 95% of the cost of an annuity contract, based on the annuity issuer's structured settlement rates in effect on the date of death, which would provide benefits equal to 100% of the remaining periodic and lump sum Certain Payments due during the period certain defined above.

2) If such annuity rates are not available, the commuted value shall be the present value of the remaining periodic and lump sum Certain Payments, calculated using the following interest rate:

The annual effective yield based on the current bid price as reported in the Wall Street Journal for the highest yielding U.S. Treasury Note or Bond with a maturity date not exceeding the Rider Expiry Date available at the close of business on the date of **Wanda Huddleston's** death plus one percent. If this date is not a business day, the rates reported on the next following business day will be used.

**Value Disclosure and Nature of Payments.**

The portion of the **Settlement Funds** allocated by **Wilshire** to fund the agreed future Periodic Payments portion of this settlement, and which is more fully set forth in the *Supplementary Schedule*, is **ONE HUNDRED EIGHTY TWO THOUSAND FOUR HUNDRED SIX and 06/100 US Dollars ($182,406.06 USD)**, disclosure of which has been required as a condition of settlement. No part of the sum being paid by **Wilshire** to provide future Periodic Payments as set forth in the *Supplementary Schedule*, which is a part of the **Settlement Agreement** may be paid directly to Plaintiff, inasmuch as the parties negotiated for a structured settlement (rather than a cash settlement) as being in the best interest of the Plaintiff. The **Settlement Funds**, described herein this **Settlement Agreement**, and as described with

more detail within the *Supplementary Schedule*, (cash and periodic and deferred payments) constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended, and that the parties intend that no portion of these amounts represent compensation for punitive damages.

**Periodic Payments are Fixed and Determinable**

As otherwise more fully described in **Section III, Paragraph B**, of the *Supplementary Schedule*, the Periodic Payment rights set forth there in, and summarized within this Final Judgment and Settlement Approval, are fixed and determinable as to amount and frequency of payment.

Not withstanding any provisions of IRC Section 5891(b)(2), the rights to receive periodic payments granted to **Wanda Huddleston** may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an Order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, Section 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Further, prior to any sale, transfer, hypothecation, pledge or other alienation, the then-sitting Judge of this Court, must be presented with three (3) quotes from three (3) totally independent companies. A quote is defined as the amount of money that the purchaser is willing to pay the annuitant/payee for the right of the purchaser to receive the specified future periodic payments. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payments rights that has not been so approved will be a direct violation of this agreement

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiff against the Defendants, should be dismissed with prejudice; and that the Plaintiff's claims, asserted or which could have been asserted herein against the Defendants are fully satisfied in all respects, and that no execution shall ever issue herein.

The Court finds that the terms of the Settlement Agreement provide that the taxable court costs will be paid by the party incurring same.

The Court further finds that the terms of the Settlement Agreement provide that Plaintiff will pay all fees due to Plaintiff's attorneys from the settlement amounts set forth in the Settlement Agreement. Plaintiff and their attorneys acknowledge and agree that the Defendants shall bear no responsibility for payment of Plaintiff's attorneys' fees.

The Court further finds that the Settlement Agreement provides that Plaintiff and Plaintiff's heirs, executors, administrators, legal representatives, successors, agents, assigns, and any other person or entity claiming by, through, or under the Plaintiff shall FULLY PROTECT, DEFEND, HOLD HARMLESS, AND COMPLETELY INDEMNIFY the Defendants, from and against: (1) any and all current and future claims, damages, or liabilities that may be asserted by any person or entity claiming by, through, under, or on behalf of Plaintiff against the Defendants arising out of, or relating to, the Incident; (2) any and all claims, cross-actions, third-party actions, actions in intervention, and causes of action of every kind arising out of, or relating to, the Incident, that have been asserted or may be asserted in the future against any or all of the Defendants, including, without limitation, claims for contribution or indemnity, by any person or entity because of claims asserted by, through, under, or on behalf of the Plaintiff and other claims against the Defendants arising out of, or relating to, the Incident. This obligation to protect, defend, hold harmless, and indemnify is intended to cover all forms and types of

damages, losses, costs, liabilities, expenses, and attorneys' fees whatsoever that may be sought against the Defendants and the costs of future litigation, including without limitation, reasonable attorney fees limited to the amount of consideration paid by Defendants to Plaintiff in this matter. This obligation to protect, defend, hold harmless, and indemnify includes, without limitation, the obligation to provide the Defendants with a good and adequate defense, including payment of all defense costs and attorney fees, upon demand by the Defendants, to defend the Defendants against any claim or cause of action covered by this indemnification, limited to the amount of consideration paid by Defendants to Plaintiff in this matter. The Plaintiff also agrees to pay, upon the Defendants' demand, Defendant's attorney fees and expenses incurred in any action that the Plaintiffs and/or the Defendant may bring regarding or relating to this obligation to protect, defend, indemnify, and hold harmless, limited to the amount of consideration paid by Defendants to Plaintiff in this matter and limited to claims brought by, through or under Plaintiff.

The Court further finds that the Plaintiff has agreed that all medical aid, hospital services, doctor services, psychiatric or psychological services, psychotherapist services, chiropractor services, nursing, drugs, funeral and burial expenses, property damage, worker's compensation, attorney fees (including hourly fees), Medicaid, and Medicare, medical and hospital liens and estate debts, past, present, and future arising as a result of the Incident have been or will be paid or compromised by Plaintiff. Plaintiff has further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND Defendants and all parents and affiliates from any and all such claims, demands, actions, and causes of action of any nature or character and any other claims, demands, actions, and causes of action of any nature or character which may have been or may hereafter be asserted against Defendants by any person, insurer, firm, company, and/or corporation claiming under any alleged subrogation rights, including, but not limited to property damage, worker's

compensation liens, child support liens or judgments, attorney fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law.

The Court further finds that the Settlement Agreement was signed by Plaintiff.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Danny Huddleston as Next Friend of Wanda Huddleston against the Defendants are dismissed with prejudice. All relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

It is ORDERED, ADJUDGED, and DECREED that each party shall bear its own costs of Court.

It is further ORDERED, ADJUDGED, and DECREED that a total fee of $5,000.00 be paid by Defendants HNL Truck Lines, Inc. or its insurer Wilshire, for the services of Jason Searcy, *Guardian Ad Litem* for Plaintiff Wanda Huddleston. This fee shall be paid within thirty (30) days of the hearing that was conducted on May 11, 2017.

It is further ORDERED, ADJUDGED and DECREEED that this judgment fully and finally disposes of all parties and all claims.

Finally, it is ORDERED, ADJUDGED and DECREED that Defendants pay Plaintiff the agreed cash consideration and that such consideration be in receipt by Plaintiff's counsel in Tyler, Texas no later than ten (10) days after this Final Judgment is signed or the date Plaintiff signs the Settlement, whichever is earlier in time, and that the Periodic Payment plan be funded in a timely fashion pursuant to the terms detailed in the Supplementary Schedule.

SIGNED the 11th day of May, 2017.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

**DERRYBERRY ZIPS
WADE LAWHORN, PLLC**
100 E. Ferguson, Suite 1212
Tyler, Texas 75702
Tel. (903)526-2767
Fax. (903)526-2714
dld@dzwlaw.com
tab@dzwlaw.com

By: _____
Daryl L. Derryberry- Lead Counsel
State Bar No. 05774600
Tab E. Lawhorn
State Bar No. 24039009

**ATTORNEY FOR PLAINTIFF
DANNY HUDDLESTON A/N/F OF
WANDA HUDDLESTON**

**GUARDIAN AD LITEM FOR PLAINTIFF**

By: _____
Jason Searcy
State Bar No . 17953500
Searcy & Searcy P.C.
446 Forest Square
Longview, Texas 75605
Tel: (903) 757-3399
Fax: (903) 757-9559

**WALTERS BALIDO AND CRAIN, LLP**
10440 N. Central Expressway, Suite 1500
Dallas, Texas 75231
Tel. (214) 749-4805
Fax. (214) 347-8381
randy.walters@wbclawfirm.com

By: _____
Randall G. Walters
Texas Bar No. 20819480

**ATTORNEY FOR DEFENDANT
HNL TRUCK LINES, INC.**